# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GOMEZ,<br>Petitioner,<br>v.<br>ST. ANDRE, Warden,<br>Respondent. | Case No. 2:25-cv-07048-MRA-AJR<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court "must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."

Under 28 U.S.C. § 2253(c)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the appellant first obtains a COA. Section 2253(c)(2), as amended by AEDPA, provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court clarified the showing required to satisfy Section 2253(c)(2) and to warrant issuance of a COA when a petition has been denied on the merits, as well as when a petition has been denied on procedural

grounds. As stated by the Supreme Court, the standard for when a petition has been denied on the merits is the following:

> "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under [Barefoot v. Estelle, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.
>
> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack, 529 U.S. at 483-84 (internal quotation marks and citation omitted).

Slack, however, does not require a showing by the petitioner that his appeal will succeed. See Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Accordingly, a court should not deny a COA merely because the court believes that the applicant will not demonstrate an entitlement to relief. Id.

The Supreme Court has also made clear that Section 2253(c)(2) does not bar appellate review when a district court's rejection of a prisoner's habeas petition rests on procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Supreme Court clarified the showing required to satisfy Section 2253(c)(2) and to warrant issuance of a COA when a petition has been denied on procedural grounds:

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Id.

Both showings must be made before the Court of Appeals "may entertain the appeal." Id. at 485. In resolving the COA issue, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. To that end, the law "allows and encourages the court to first resolve procedural issues" rather than constitutional questions. Id.

In Slack, the Supreme Court remarked:

> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."

Id. at 484.

Here, the Court denied the Petition both on the merits and on procedural grounds. The Court denied Petitioner's evidentiary-error claim because it failed to raise a cognizable claim on federal habeas review and even if it were cognizable, Petitioner cannot establish a due process violation because there was a rational inference to be drawn of the challenged evidence. Therefore, the Court concluded that the California courts' rejection of this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. The Court denied Petitioner's instructional-error claim based on both procedural grounds and the merits. First, the Court concluded that this claim was procedurally barred because the California Court of Appeal held that Petitioner forfeited this argument by failing to object to the jury instructions at trial. Nevertheless, the Court concluded that the California Court of Appeal reasonably rejected this claim on the merits by holding that the alleged error was harmless beyond a reasonable doubt because the evidence that Petitioner acted with malice was overwhelming. Thus, the Court also concluded that the California courts' rejection of this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

Petitioner has not filed an application for certificate of appealability. Accordingly, the Court has independently reviewed its decision and remains satisfied that the denial of Petitioner's grounds for relief was correct and concludes that reasonable jurists would not find its prior decision to be "debatable or wrong." Slack, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

IT IS SO ORDERED.

DATED: November 23, 2026

MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE